CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
January 28, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KING CEDRIC OMAR SNEAD,** | |
| Plaintiff, | Case No. 7:25CV00914 |
| v. | **OPINION** |
| **ROANOKE CITY, VA,** | JUDGE JAMES P. JONES |
| Defendant. | |

*King Cedric Omar Snead, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, identifies himself as King Cedric Omar Snead. He has filed a civil rights action using the form designed for an inmate filing a lawsuit under 42 U.S.C. § 1983.[1] Snead has not prepaid the necessary filing costs to proceed with a civil rights action but has submitted a Statement of Assets, impliedly requesting in forma pauperis status under 28 U.S.C. § 1915, which would allow him to pay the filing fee through installments from his inmate trust account. Upon my review, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit pursuant to 28 U.S.C. § 1915(g).

---

[1] Snead submitted an incomplete form by failing to include the first page.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Snead has filed more than twenty lawsuits in this court, many of which have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., Snead v. U.S.A.*, No. 7:23CV00500 (W.D. Va. Aug. 11, 2023) (claims against the United States seeking trillions of dollars so that Snead can take care of actress "Marsie Mar" dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous); *Snead, et al. v. U.S.A.*, No. 7:23CV00501 (W.D. Va Aug. 11, 2023) (claims against the United States seeking help for himself and the daughters of Barack Obama dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous); *Snead v. President "Biden" "Obama" "Trump,"* No. 7:23CV00505; (W.D. Va. Aug. 11, 2023) (incomprehensible claims dismissed under 28 U.S.C. § 1915(e)(2)(b) as frivolous). Accordingly, Snead may only proceed in forma pauperis (without prepayment of the filing fee) if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g).

The imminent danger exception to the three strikes rule is "'essentially a pleading requirement subject to the ordinary principles of notice pleading.'" *Holley v. Combs*, 134 F.4th 142, 145 (4th Cir. 2025) (quoting *Newkirk v. Kiser*, 812 F. App'x 159, 159 (4th Cir. 2020) (unpublished)). The exception must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct")).

Here, Snead provides a two-word allegation of "false imprisonment," in the Complaint, without context or any supporting facts. Compl. 5, Dkt. No. 1. Not only has Snead failed to assert facts showing that he faces imminent danger of serious physical injury, but he has not included any factual allegations whatsoever. Such a conclusory claim cannot withstand dismissal under the imminent danger pleading requirement of § 1915(g) and his complaint must be dismissed.

For the stated reasons, I cannot find that Snead is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger

exception in § 1915(g).  Therefore, I must deny his application to proceed in forma pauperis under § 1915(g).  Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

    A separate Final Order will be entered herewith.

                                DATED:   January 28, 2026

                                /s/  JAMES P. JONES
                                Senior United States District Judge